Nos. 23-4018 and 23-4338

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

AYANA STEVENSON,
DAVID AMBROSE AND LISA RAMIREZ,
For Themselves,
As Private Attorneys General, and
On Behalf Of All Others Similarly Situated,

*Plaintiffs/Appellants/Cross-Appellees*,

v.

SIRIUS XM RADIO INC.,

*Defendant/Appellee/Cross-Appellant*.

_____

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-02367-WHO
Hon. William H. Orrick

_____

**JOINT MOTION TO STAY APPEAL AND CROSS-APPEAL
PENDING U.S. SUPREME COURT DECISION**

_____

| | |
|---|---|
| HATTIS & LUKACS | JONES DAY |
| Daniel M. Hattis | Jeffrey R. Johnson |
| Paul Karl Lukacs | Krista Perry Heckmann |
| 11711 SE 8th St., Suite 120 | 51 Louisiana Ave. NW |
| Bellevue, WA 98005 | Washington, DC 20001 |
| Tel. (425) 233-8628 | Tel. (202) 879-3939 |
| | |
| *Attorneys for* | [Additional counsel listed on inside cover] |
| *Plaintiffs/Appellants/Cross-Appellees* | |

Lee A. Armstrong
Eric P. Stephens
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939

*Attorneys for
Defendant/Appellee/Cross-Appellant*

## **JOINT MOTION**

**Introduction.** Plaintiffs/Appellants/Cross-Appellees Ayana Stevenson, David Ambrose and Lisa Ramirez (collectively, "Plaintiffs") and Defendant/Appellee/Cross-Appellant Sirius XM Radio Inc. ("Sirius XM") jointly ask the Court to vacate all current deadlines in this appeal and cross-appeal and to stay this appeal and cross-appeal until the Supreme Court's resolution of the case captioned *Smith v. Spizzirri*, No. 22-1218 (U.S.). *See Smith v. Spirizzi* 2024 WL 133822, at *1 (U.S. Jan. 12, 2024) (granting certiorari).

In the proceedings below, the district court granted a motion to compel arbitration and then dismissed the action rather than stay it pending the completion of arbitration. In *Spizzirri*, the Supreme Court will determine whether a district court has the authority to take that course of action or if, instead, the district court must stay the litigation. Because none of the parties wants this Court to expend resources on a question that will be answered soon enough by the Supreme Court, the Plaintiffs and Sirius XM jointly respectfully request that this Court:

> (1) vacate all current deadlines in this appeal and cross-appeal, which would include vacating the Time Schedule Order filed on December 7, 2023, in the appeal (Appeal Dkt. No. 2.1) and the Time Schedule Order filed on December 22, 2023, in the cross-appeal (Cross-Appeal Dkt. No. 2.1); and

> (2) stay this appeal and cross-appeal until the U.S. Supreme Court has resolved the *Spizzirri* case.

1

**Background Facts.** *The Stevenson Case.* For purposes of this joint motion to stay, the Plaintiffs and Sirius XM stipulate to the following facts:

On April 14, 2023, Plaintiffs Ayana Stevenson and David Ambrose filed their original Complaint in the Contra Costa County Superior Court, alleging false advertising and breach of contract claims. *Stevenson et al. v. Sirius XM Radio Inc.*, Case No. C23-00855 (Contra Costa Superior Court). Sirius XM removed the case to the U.S. District Court for the Northern District of California. *Stevenson et al. v. Sirius XM Radio Inc.*, Case No. 3:23-cv-02367-WHO (N.D. Cal.) ("*Stevenson*"). On June 20, 2023, the original two plaintiffs, joined by new plaintiff Lisa Ramirez, filed the operative First Amended Complaint.

Sirius XM sought to compel all of the Plaintiffs' claims to individual arbitration. In addition to disagreeing about whether arbitration was required in the first place, the parties disagreed about what the district court should do if it compelled the Plaintiffs to arbitrate. The Plaintiffs argued that, in that scenario, the district court could and should dismiss the civil action. The Ninth Circuit, the Plaintiffs noted, had approved this form of procedure in *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (citing *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988)).

In contrast, Sirius XM requested that the district court enter a stay (and not a dismissal) if it granted the motion. On its view, section 3 of the Federal Arbitration

2

Act—which states that "[i]f any suit … be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court … , upon being satisfied that the issue involved in such suit … is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had"—compels that result. While Sirius XM acknowledged that the *Johnmohammadi* precedent was the law of the circuit, Sirius XM expressly preserved its right to argue that *Johnmohammadi* was wrongly decided.

Whether the district court dismisses or stays a case after compelling arbitration directly impacts when the order compelling arbitration is subject to appellate review. As *Johnmohammadi* put it:

> The choice matters for purposes of appellate jurisdiction: An order compelling arbitration and staying the action isn't immediately appealable, 9 U.S.C. § 16(b)(1)–(2); *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), but an order compelling arbitration and dismissing the action is. § 16(a)(3); *Green Tree*, 531 U.S. at 89, 121 S.Ct. 513.

755 F.3d at 1073–74.

On November 19, 2023, the district court granted Sirius XM's motion and compelled all of the Plaintiffs' claims to arbitration. *Stevenson*, 2023 WL 7434945 (N.D. Cal. Nov. 19, 2023). The district court then dismissed so that the Plaintiffs could immediately appeal. *See Stevenson*, No. 23-CV-02367-WHO, 2023 WL

3

7434945, *1 n. 1 (N.D. Cal. Nov. 19, 2023).

On December 6, 2023, the Plaintiffs filed their Notice of Appeal, which this court docketed as *Stevenson et al. v. Sirius XM Radio Inc.*, No. 23-4018 (9th Cir.). The Court issued a Time Schedule Order on December 7, 2023 (Appeal Dkt. No. 2.1). Sirius XM timely noticed its cross-appeal, which this Court docketed as *Stevenson et al. v. Sirius XM Radio Inc.*, No. 23-4338 (9th Cir.). In the cross-appeal, the Court issued a Time Schedule Order on December 22, 2023 (Cross-Appeal Dkt. No. 2.1). Pursuant to Ninth Circuit Rule 10-3.1(a), Sirius XM stated that one of the issues that it intends to present on its cross-appeal is: "Whether 9 U.S.C. § 3 required the district court to stay the litigation rather than dismiss the case upon granting Sirius XM's motion to compel arbitration." Letter from J.R. Johnson to D.M. Hattis, dated Dec. 29, 2023, at p. 1.

Neither side has previously requested a change or amendment to a Time Schedule Order entered in this appeal or cross-appeal.

*The Spizzirri Case.* The *Spizzirri* case is an employment dispute in which delivery drivers for Intelliserve LLC and related business entities alleged violations of federal and state law, such as misclassifying drivers as independent contractors and failing to pay minimum wage and overtime to drivers. *Forrest v. Spizzirri*, No. CV-21-01688-PHX-GMS, 2022 WL 2191931 (D. Ariz. June 17, 2022), *aff'd*, 62 F.4th 1201 (9th Cir. 2023), *cert. granted sub nom.*, *Smith v. Spizzirri*, No. 22-1218,

4

2024 WL 133822 (Jan. 12, 2024).

In the district court proceedings, both sides agreed to send all claims to arbitration, but (as in this case) the parties disagreed about what should happen next: the plaintiffs contended that the district court was required to stay the action, while the defendant contended that the district court could and should dismiss the case because *all* claims were being compelled to arbitration. *Spizzirri*, 2022 WL 2191931, at *1. The district court dismissed the action, citing its discretion to do so under *Johnmohammadi* and *Sparling*. *Spizzirri*, 2022 WL 2191931, at *1. The Ninth Circuit affirmed, holding that the district court had correctly followed circuit authority. *Spizzirri*, 62 F.4th at 1203, 1206.

On June 14, 2023, the plaintiffs filed a Petition for Certiorari to the Supreme Court. The Question Presented in the Petition was, "Whether Section 3 of the FAA requires district courts to stay a lawsuit pending arbitration, or whether district courts have discretion to dismiss when all claims are subject to arbitration."

On January 12, 2024, the Supreme Court granted certiorari. *Spizzirri*, No. 22-1218, 2024 WL 133822, at *1. The Court has since made clear that it intends to resolve the case this Term—that is, by the end of June. *See* Supreme Court of the United States, Granted & Noted List October Term 2023 Cases for Argument (as of Feb. 8, 2024), *available at* https://www.supremecourt.gov/orders/23grantednotedlist.pdf.

**Legal Argument.** Staying this appeal pending the Supreme Court's decision in *Spizzirri* is a matter of common sense. A basis upon which this appeal is premised is now before the Supreme Court. In the *Spizzirri* case, the Supreme Court will either confirm that a district court can dismiss a case if all claims are ordered to arbitration (in which case the underlying order compelling arbitration is immediately appealable) or the Supreme Court will rule that such a case *must* be stayed (in which case the underlying order compelling arbitration may not be appealable as of right until a judgment is entered after arbitration). The propriety of the district court's course of conduct is thus directly before the Supreme Court, and the Supreme Court will decide on that course of conduct in a few months' time.

This Court, the parties, and their respective counsel should not expend resources when the appropriateness of the district court's dismissal is currently under Supreme Court review. Instead, the Court can stay this appeal and cross-appeal using its inherent authority. "Federal courts have inherent power to control the disposition of the causes on [their] docket[s] with economy of time and effort for [themselves], for counsel, and for litigants." *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022). This Court should therefore stay this appeal and cross-appeal until after the Supreme Court's resolution of the *Spizzirri* case.

A stay of this appeal and cross-appeal is also justified under this Court's precedent. "When considering a request to stay an appeal, [this Court] ha[s]

6

explained that 'competing interests' must be weighed." *Sarkar*, 39 F.4th at 617 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("*Hall*")).

> Those interests include: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Id.* (quoting *Hall*, 300 F.2d at 268).

The competing interests militate in favor of a stay. There is no possible damage that would result from this stay; both sides of this litigation are requesting the stay, and the Court will not be harmed if this appeal and cross-appeal are temporarily put on pause. If this appeal and cross-appeal are not stayed, the parties will suffer the hardship of having to prepare appellate briefs that could soon be rendered obsolete by the Supreme Court's decision. The orderly course of justice will result from a stay because the Supreme Court will first have its say about stays and dismissals in arbitration cases, and, after that, this Court can apply the Supreme Court's ruling to this appeal and cross-appeal.

**Conclusion.** For the reasons stated, the Plaintiffs and Sirius XM jointly respectfully request that this Court:

> (1) vacate all current deadlines in this appeal and cross-appeal, which would include vacating the Time Schedule Order filed on December 7, 2023, in the appeal (Appeal Dkt. No. 2.1) and the Time Schedule Order filed on December 22, 2023, in the cross-appeal (Cross-Appeal Dkt. No. 2.1); and

(2) stay this appeal and cross-appeal until the Supreme Court has resolved the *Spizzirri* case.

Dated:  February 16, 2024    HATTIS & LUKACS

By: _____
     Paul Karl Lukacs
Daniel M. Hattis
Paul Karl Lukacs
11711 SE 8th St., Suite 120
Bellevue, WA 98005
Telephone:  (425) 233-8650

*Attorneys for Plaintiffs/Appellants/Cross-Appellees Ayana Stevenson, David Ambrose and Lisa Ramirez*

Dated:  February 16, 2024    JONES DAY


By: */s/ Jeffrey R. Johnson*
         Jeffrey R. Johnson
Jeffrey R. Johnson
Krista Perry Heckmann
51 Louisiana Ave. NW
Washington, DC 20001
Tel. (202) 879-3939

Lee A. Armstrong
Eric P. Stephens
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939

8

*Attorneys for Defendant/Appellee/Cross-Appellant Sirius XM Radio Inc.*

9